# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARLA M. HOBBS, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 19-1307-KHV |
| ) | |
| ERNA LOOMIS, MELISSA HENNING, ) | |
| DUSTIN MCCOWN and KORBY HERSHAW, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On November 18, 2019, proceeding pro se, Carla Hobbs filed suit against Erna Loomis, Melissa Henning, Dustin McCown and Korby Hershaw.  Plaintiff alleges that in violation of 42 U.S.C. §§ 1983 and 1985, defendants forced the closure of her businesses based on her race, gender and prior whistleblower complaints.  On March 11, 2020, Magistrate Judge Kenneth G. Gale ordered plaintiff to show cause why she had not served the complaint on defendants within 90 days of filing the complaint and why this case should not be dismissed without prejudice.  Order To Show Cause (Doc. #3) at 1.  This matter is before the Court on plaintiff's Response To Show Cause Notice / Motion To Request Time To Obtain Face To Face Legal Counsel / Continuous In Legal Matters Resulting In A Response From Carla Hobbs As Pro Se (Doc. #6) filed April 10, 2020.  For reasons stated below, the Court finds that plaintiff has not shown good cause but that the deadline for service on defendants should be extended to June 30, 2020.

Under Rule 4(m) of the Federal Rules of Civil Procedure, plaintiff had 90 days from filing the complaint to serve defendants with the summons and complaint.  If plaintiff does not timely serve defendants, the Court may dismiss the action without prejudice or order that plaintiff effect service within a specified time.  Fed. R. Civ. P. 4(m).  If plaintiff shows good cause for the failure

to serve defendant within 90 days, the Court will extend the time for service. Id. Absent a showing of good cause, the Court may still grant a permissive time extension or dismiss the case without prejudice. See id. While the Court construes pro se pleadings liberally and holds them to less stringent standards than pleadings drafted by lawyers, a pro se party must follow the same procedural rules as other litigants. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005). The Court may not assume the role of advocate for a pro se litigant. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff requests an extension of time so that she can retain legal counsel. See Response To Show Cause Notice (Doc. #6) at 2. Plaintiff states that because of stay-at-home orders related to coronavirus, she needs a reasonable time to search for counsel after the stay-at-home orders are lifted. See id. Plaintiff's current request for more time to search for counsel does not excuse or explain her failure to serve defendants with a copy of the summons and the complaint. Plaintiff has not shown good cause for her failure to complete service within 90 days from the filing of the complaint.

Even where plaintiff has not shown good cause, however, courts prefer to decide cases on their merits rather than technicalities. See Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982). Thus, even absent a showing of good cause, the Court has discretion to permit late service. See Henderson v. United States, 517 U.S. 654, 662 (1996). The Court considers whether defendants would suffer prejudice from an extension, whether defendants were on notice of the lawsuit and whether the applicable statute of limitations would bar the refiled action. Espinoza v. United States, 52 F.3d 838, 842 (10th Cir. 1995). Based on the present record and the conclusory nature of plaintiff's complaint, the Court cannot evaluate these factors. Under these circumstances and in light of plaintiff's pro se status, the Court will extend the time for

plaintiff to obtain service on defendants.  In light of the current stay-at-home orders in Kansas, the Court extends the deadline for service to June 30, 2020.[1]

**IT IS THEREFORE ORDERED** that plaintiff has not shown good cause why she did not obtain service on defendants within 90 days from the filing of the complaint.  Even so, the Court extends the deadline for plaintiff to obtain service on defendants.  **On or before June 30, 2020, plaintiff shall accomplish service on defendants under Rule 4 of the Federal Rules of Civil Procedure.  On or before July 1, 2020, plaintiff shall file with the Court the returns of service for all defendants.  If plaintiff fails to do so, the Court without further notice will dismiss the case without prejudice.**

**IT IS FURTHER ORDERED** that plaintiff's Response To Show Cause Notice / Motion To Request Time To Obtain Face To Face Legal Counsel / Continuous In Legal Matters Resulting In  A Response From Carla Hobbs As Pro Se (Doc. #6) filed April 10, 2020 is **SUSTAINED in part**.  The Court sustains plaintiff's motion to the extent that she requests an extension of the deadline to obtain service.  The Court otherwise overrules plaintiff's motion.

Dated this 28th day of April, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] Plaintiff had the opportunity to search for counsel before she filed this lawsuit.  Even so, she chose to file this lawsuit without counsel.  As explained above, a pro se party must follow the same procedural rules as other litigants.  The Court will not further extend the deadline for service based on plaintiff's pro se status or her continued search for counsel.