IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CARLA M. HOBBS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 19-1307-KHV |
| | ) | |
| KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

On November 18, 2019, plaintiff filed suit against the Kansas Department for Children and Families ("DCF"), Melissa Henning in her official capacity, Dustin McCown in his official capacity, Saint Francis Community Services ("Saint Francis"), Korby Harshaw in his official capacity, the U.S. Department of Health and Human Services ("HHS"), the Kansas Department of Labor ("KDOL") and Erna Loomis in her official capacity, alleging violations of 42 U.S.C. Sections 1983 and 1985 and 28 U.S.C. Section 1343.[1]  See Complaint (Doc. #1) at 2–3. Specifically, plaintiff alleges that defendants acted in concert to close plaintiff's business without due process of law. Id. at 3. This matter is before the Court on the Motion Of Defendant Kansas Department Of Labor And Melissa Henning In Her Official Capacity To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) and (6) (Doc. #31) filed November 5, 2020. Plaintiff did not respond. If plaintiff fails to timely respond to a motion to dismiss, the Court will consider and decide the

---

[1] The Court has dismissed Saint Francis, McCown, HHS, Harshaw and Loomis. See Order (Doc. #33) (dismissing Harshaw and HHS); Order (Doc. #36) (dismissing Saint Francis); Order (Doc. #38) (dismissing Loomis).

motion as uncontested and ordinarily grant it without further notice.  See D. Kan. R. 7.4(b).  For this reason and for substantially the reasons stated below, the Court sustains defendant's motion.

## Factual Background

Plaintiff's complaint alleges as follows:

Plaintiff was an owner and operator of three residential youth facilities in Kansas.  While operating her facilities, McCown requested that plaintiff "violate DCF policies."  McCown threatened to "negatively affect" plaintiff's business if she did not violate the policies.  McCown also made numerous sexual comments to plaintiff and physically touched plaintiff without her consent.  At the time, McCown was committing Medicaid fraud by receiving kickbacks from Saint Francis.

Fearing his threats, plaintiff reported McCown's sexual behaviors and Medicaid fraud to DCF.  In retaliation, McCown initiated complaints against plaintiff's facilities.  Plaintiff was baselessly "publicly accused" of human and drug trafficking, sexual and physical abuse and Medicaid fraud.  As a result of McCown's complaints, Saint Francis refused to compensate plaintiff for her services and violated her "policy and civil rights."  Additionally, Henning, as an employee of the KDOL, presented false information to the KDOL which, in turn, caused the KDOL to assess fines and penalties against plaintiff.  Without due process of law, based on plaintiff's race and gender, Henning then used the assessment to deprive plaintiff of her ability to conduct business.   HHS, DCF and KDOL acted in concert to deprive plaintiff of her constitutional rights.

For these alleged violations, plaintiff seeks more than $30 million in damages, restoration of her business license and suspension of any malicious prosecution.

**Legal Standards**

Defendant seeks to dismiss plaintiff's claims for lack of subject matter jurisdiction. Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations. City of Albuquerque v. U.S. Dep't of Interior, 379 F.3d 901, 906 (10th Cir. 2004) (quoting Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002)). Here, defendant challenges the face of the complaint, so the Court presumes the accuracy of plaintiff's factual allegations and does not consider evidence outside the complaint. See Ruiz, 299 F.3d at 1180.

Courts may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999) (quoting Penteco Corp. v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991)). Plaintiff bears the burden of showing that jurisdiction is proper, see id., and must demonstrate that the case should not be dismissed. See Jensen v. Johnson Cnty. Youth Baseball League, 838 F. Supp. 1437, 1439–40 (D. Kan. 1993).

Defendant also seeks to dismiss plaintiff's complaint under Rule 12(b)(6), Fed. R. Civ. P., claiming that it fails to state a claim on which the Court can grant relief. In ruling on a motion to dismiss under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—not merely conceivable—on its face. Id. at 679–

80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense.  Iqbal, 556 U.S. at 679.  The Court need not accept as true those allegations which state only legal conclusions.  See id.

Plaintiff bears the burden of framing her claim with enough factual matter to suggest that she is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements.  See Twombly, 550 U.S. at 556.  Plaintiff makes a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendant is liable for the alleged misconduct.  Iqbal, 556 U.S. at 678.  Plaintiff must show more than a sheer possibility that defendant has acted unlawfully—it is not enough to plead facts that are "merely consistent with" defendant's liability.  Id.  (quoting Twombly, 550 U.S. at 557).  A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand.  Id.  Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the pleading has alleged—but has not "shown"—that the pleader is entitled to relief.  Id. at 679.  The degree of specificity necessary to establish plausibility and fair notice depends on context because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case.  Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

When ruling on a Rule 12(b)(6) motion, the Court does not analyze potential evidence that the parties might produce or resolve factual disputes.  Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002).  The Court accepts well-pleaded allegations as true and views them in the light most favorable to the non-moving party.  Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).  While the Court liberally construes pleadings from a pro se

plaintiff, it does not assume the role of plaintiff's advocate.  United States ex rel. Brathwaite v. Kansas, No. 19-2265-KHV, 2020 WL 837431, at *2 (D. Kan. Feb. 20, 2020).

## Analysis

Plaintiff seeks monetary and injunctive relief.  Plaintiff's claims arise under 42 U.S.C. Sections 1983 and 1985.  Complaint (Doc. #1) at 3.  Section 1985 prohibits, among other things, conspiracy to deprive persons of equal protection under the law.  See 42 U.S.C. § 1985.[2]

### I. Subject Matter Jurisdiction

Defendants argue that the Rooker-Feldman doctrine bars plaintiff's claims.  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  The Rooker-Feldman doctrine bars federal district courts from reviewing final state-court decisions because only the Supreme Court has jurisdiction to hear appeals from final state-court judgments.  Bear v. Patton, 451 F.3d 639, 641 (10th Cir. 2006).  The doctrine is limited, however, to cases "brought by state court losers complaining of injuries caused by state-court judgments *rendered before the district court proceedings commenced* and inviting district court review."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (emphasis added).  The Supreme Court has emphasized the narrow nature of the doctrine and cautioned courts from broadening its scope beyond the aforementioned circumstance.  Id.

Federal proceedings commenced on November 18, 2019, when plaintiff filed her complaint in federal court.  See Complaint (Doc. #1).  Thus, for Rooker-Feldman to bar plaintiff's claim, the state court must have rendered its decision before November 18, 2019.  It rendered its decision

---

[2]  Plaintiff also asserts claims under 28 U.S.C. § 1343.  Section 1343, however, is a jurisdictional statute and does not supply a cause of action.  See Davis v. Bank of Am., No. 16-2506-CM, 2016 WL 7425937, at *2 (D. Kan. Dec. 23, 2016).

-5-

on February 18, 2020—three months after defendants removed plaintiff's claim to this Court. Because the state court rendered its decision after plaintiff commenced her federal proceedings, Rooker-Feldman does not bar plaintiff's claim.

Defendants assert immunity from suit under the Eleventh Amendment to the United States Constitution.  See Memorandum In Support Of Defendant Kansas Department Of Labor And Melissa Henning In Her Official Capacity As An Employee Of The Kansas Department Of Labor's, Motion To Dismiss (Doc. #32) at 14–15.  Unless the state has waived its sovereign immunity or Congress has abrogated the state's immunity by statute, the Eleventh Amendment bars claims for injunctive and monetary relief brought against state agencies.  See Edelman v. Jordan 415 U.S. 651, 677 (1974); Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1196 (10th Cir. 1999) (Eleventh Amendment bars federal court jurisdiction over state agency for both money damages and injunctive relief).  Neither the State of Kansas nor the KDOL have waived their immunity from suit.  Additionally, when it enacted Sections 1983 and 1985, Congress did not intend to abrogate the states' Eleventh Amendment immunity.  See Ellis, 163 F.3d at 1196 (Eleventh Amendment barred claims against Kansas and its state agencies under Sections 1981, 1983 and 1985).  Therefore, the Court lacks jurisdiction to adjudicate claims for monetary or injunctive relief against the KDOL, which is a state agency.  See Lewis v. Kan. Dep't Of Revenue, 380 F. Supp. 2d 1211, 1213 (D. Kan. 2005) (KDOL acts as arm of state, it is entitled to Eleventh Amendment immunity).  The Court dismisses plaintiff's claims against the KDOL for lack of subject matter jurisdiction.

The Eleventh Amendment also bars claims for monetary relief brought against state officials sued in their official capacities.  Ellis, 163 F.3d at 1196 (Eleventh Amendment bars federal court jurisdiction over state official acting in official capacity in suit for damages).

Plaintiff sued Henning in her official capacity as an employee of the KDOL.  See Complaint (Doc. #1) at 2 (suing "[a]ll defendants in their official capacities").  Under the Eleventh Amendment, the Court lacks jurisdiction over those claims.[3]  Ellis, 163 F.3d at 1196.

By contrast, the Court does not lack jurisdiction over plaintiff's claims against Henning for prospective injunctive relief.  See Ex parte Young, 209 U.S. 123, 168 (1908).  In Ex Parte Young, the Supreme Court held that the Eleventh Amendment does not bar suits that (1) seek only declaratory and injunctive relief rather than monetary damages for alleged violations of federal law and (2) are aimed against state officers acting in their official capacities.  See Hill v. Kemp, 478 F.3d 1236, 1255–56 (10th Cir. 2007).  Plaintiff must seek relief that is "prospective, not just in how it is captioned but also in substance."  Id. at 1259.

## II.   Failure To State A Claim

While plaintiff may seek injunctive relief from Henning, her allegations, as written, fail to state a claim upon which relief can be granted.  In addition to monetary damages, plaintiff seeks restoration of her business license and suspension of any "malicious prosecution".  Complaint (Doc. #1) at 4.  Plaintiff alleges that Henning presented fraudulent information to the KDOL, causing plaintiff to incur fines and penalties.  Id. at 8.  Plaintiff also alleges that Henning subsequently used those fines and penalties to deprive her of her ability to conduct business.  Id.  Plaintiff does not allege how Henning deprived her of her ability to conduct business.  She alleges that Loomis—not Henning—suspended her business license, so it stands to reason that plaintiff

---

[3]  Because the Court lacks jurisdiction over plaintiff's claims against Henning for monetary damages, the Court need not address defendants' argument that Henning is entitled to qualified immunity against the same claims.  See Memorandum In Support Of Defendant Kansas Department Of Labor And Melissa Henning In Her Official Capacity As An Employee Of The Kansas Department Of Labor's, Motion To Dismiss (Doc. #32) at 16.

sought restoration of her business license from Loomis. See id. Plaintiff does not allege that Henning has been or currently is prosecuting her. See id. As written plaintiff's demand for injunctive relief against Henning is legally insufficient under Rule 12(b)(6). Specifically, plaintiff fails to allege how Henning is responsible for reinstating her business license or her alleged prosecution, or what injunctive relief the Court could effectively fashion against Henning. While the Court liberally construes plaintiff's complaint, plaintiff has not presented an actionable claim. See Brathwaite, 2020 WL 837431, at *1.

The Court therefore dismisses plaintiff's claims for injunctive relief against Henning for failure to state a claim.[4]

**IT IS THERFORE ORDERED** that the Motion Of Defendant Kansas Department Of Labor And Melissa Henning In Her Official Capacity To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) and (6) (Doc. #31) filed November 5, 2020 is **SUSTAINED. Plaintiff's claims against the Kansas Department of Labor are dismissed for lack of jurisdiction. Plaintiff's claims for damages against Henning in her official capacity are dismissed for lack of jurisdiction. Plaintiff's claims against Henning for injunctive relief are dismissed for failure to state a claim on which relief can be granted.**

Dated this 1st day of February, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[4] Defendant also argues that plaintiff's complaint was filed outside of the two-year statute of limitations for Section 1983 claims. Plaintiff does not allege the dates on which the allegedly unlawful behavior took place. Thus, to find plaintiff's claims beyond the statutory period, the Court would need to rely on documents outside of the pleadings. However, because the Court finds plaintiff's allegations insufficient as written, the Court need not consider the statute of limitations.