IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CARLA M. HOBBS,** | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 19-1307-KHV |
| | ) | |
| **KANSAS DEPARTMENT FOR CHILDREN** | ) | |
| **AND FAMILIES, ET AL.** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On November 18, 2019, plaintiff filed suit against a number of defendants, including the Kansas Department for Children and Families ("DCF") and a DCF employee, Erna Loomis ("Loomis"), alleging violations of 42 U.S.C. Sections 1983 and 1985 and 28 U.S.C. Section 1343. See Complaint (Doc. #1) at 2–3. This matter is before the Court on DCF's Motion For Clarification Of January 13, 2021 Order (Doc. #39) filed January 28, 2021.

Procedurally, this case has become needlessly complex. The Court has dismissed all defendants except DCF.[1] On November 5, 2020, DCF moved to dismiss plaintiff's claim. Motion To Dismiss Of The Kansas Department Of Children And Families (Doc. #29). That motion was

---

[1] The Court contemplated reinstating the claims against Loomis in her official capacity for which plaintiff sought prospective injunctive relief. See Order To Show Cause (Doc. #41). Plaintiff, however, failed to timely reply to the Court's Order To Show Cause, which admonished plaintiff to articulate why her claims were sufficient under Rule 12(b)(6), Fed. R. Civ. P. Id. After plaintiff's response deadline to the Order To Show Cause passed, plaintiff filed an Urgent Motion Requesting Reflief [sic] From Missed Court Deadlines/Extend Deadline, A "Stay" For Court Decisions & To Allow Use of Electronic Filling [sic] System Or Email (Doc. #43). The Court overruled plaintiff's motion. Order (Doc. #45) filed March 31, 2021. Absent an articulation as to why plaintiff's claims are sufficient under Rule 12(b)(6), Fed. R. Civ. P., and given plaintiff's general failure to prosecute, the Court thinks it futile to reinstate plaintiff's claims against Loomis for prospective injunctive relief.

confusing. While noting that plaintiff alleged violations of her rights by both Loomis and DCF, DCF's motion only sought dismissal of Loomis based on sovereign immunity. <u>Memorandum Of Law In Support Of Motion To Dismiss Filed By Kansas Department Of Children And Families</u> (Doc. #30) at 4. The Court overruled the motion because it failed to cite any legal authority for the proposition that Loomis was individually entitled to immunity. <u>Order</u> (Doc. #34). In response, DCF filed a <u>Motion For Reconsideration Of December 18, 2020 Order</u> (Doc. #35). The motion explained that Loomis is entitled to sovereign immunity as an employee of a state agency. <u>Motion For Reconsideration</u> (Doc. #35). The motion did not seek the dismissal of DCF. <u>See</u> <u>Order</u> (Doc. #38). In response, the Court dismissed Loomis. <u>Id.</u> DCF now seeks dismissal of the claims against it.

DCF argues that Loomis' immunity from suit flows from its own Eleventh Amendment immunity. <u>Motion For Clarification</u> (Doc. #39) at 4. Because DCF is an arm of the state, the Court does not have jurisdiction over plaintiff's claims for relief against it. <u>Ruiz v. McDonnell</u>, 299 F.3d 1173, 1180 (10th Cir. 2002). Because the Court lacks jurisdiction over the claims asserted against the only remaining defendant, the action must be dismissed.

**IT IS THEREFORE ORDERED that this action is DISMISSED.**

Dated this 13th day of April, 2021 at Kansas City, Kansas.

                                              s/ Kathryn H. Vratil
                                              KATHRYN H. VRATIL
                                              United States District Judge